BY FAX

COPY

DOUGLAS J. FARMER, State Bar No. 139646
douglas.farmer@odnss.com
MICHAEL J. NADER, State Bar No. 200425
michael.nader@odnss.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

Attorneys for Defendant
SCHNEIDER NATIONAL CARRIERS, INC.

FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT COURT OF CALIFORNIA**

ROBERT TAYLOR, an individual,

Plaintiff,

v.

SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLEN, an individual; JOHN PLOOY, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. EDCV 11-0380 VAP(OPx)

**PETITION FOR AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(B)**

**[DIVERSITY JURISDICTION]**

Action Filed: March 4, 2011
Trial Date: Not Set

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Schneider National Carriers, Inc., ("Schneider"), with the consent of Defendants Jeff Mullen ("Mullen") and John Plooy ("Plooy"), hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b). Schneider's removal is based on the following grounds: (1) the undisputed facts demonstrate that defendants Mullen and Plooy are sham defendants; (2) without these sham defendants, there is complete diversity of citizenship between Plaintiff Robert Taylor ("Taylor"), a citizen of the State of California, and Defendant Schneider, a citizen of the States of Nevada and Wisconsin; (3) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (4) this removal petition is timely filed. The grounds for this removal petition are more fully set forth herein:

**JURISDICTION AND VENUE ARE PROPER**

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Schneider pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332 and 1441(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

**THE STATE COURT ACTION**

3. On or about July 9, 2009, Taylor filed a charge with the California Department of Fair Employment and Housing (the "DFEH") against Defendant

Jeff Mullen, alleging harassment, termination, and retaliation. A true and correct copy of the DFEH charge is attached as **Exhibit 1**. *See also* Declaration of Christopher M. Ahearn in Support of Petition and Notice of Removal, filed and served herewith ("Ahearn Decl."), ¶ 2 & Exhibit ("Exh.") A (Transcript of Robert Taylor Deposition) ("Taylor Depo.") at 161:10-24 & Exhibit 14 thereto).

4. On or about July 9, 2009, Taylor filed a DFEH charge against Defendant John Plooy, alleging harassment, termination, and retaliation. A true and correct copy of the DFEH charge is attached as **Exhibit 2**. *See also* Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 162:15-22 & Exhibit 14 thereto).

5. On or about July 9, 2009, Taylor filed a DFEH charge against Defendant Schneider, alleging harassment, termination, and retaliation. A true and correct copy of the DFEH charge is attached as **Exhibit 3**. *See also* Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 160:15-23 & Exhibit 14 thereto).

6. On or about March 4, 2010, Plaintiff filed a Complaint against Defendants Schneider, Jeff Mullen and John Plooy entitled "ROBERT TAYLOR v. SCHNEIDER NATIONAL CARRIERS, INC.; JEFF MULLEN, an individual; JOHN PULLEY, an individual; and DOES 1 through 50, inclusive" in San Bernardino County Superior Court, Case CIVDS 1002578. A true and correct copy of the Complaint and Civil Case Cover Sheet (the "Complaint") are attached as **Exhibit 4** hereto. The Complaint alleges two causes of action: (1) Violation of the Fair Employment and Housing Act (the "FEHA"), and (2) wrongful discharge in violation of public policy.

7. On or about March 4, 2010, Plaintiff served Defendant Schneider with a copy of the Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference and Order to Show Cause. Attached hereto as **Exhibit 5** are true and correct copies of the foregoing documents received by Defendant Schneider.

8. On July 12, 2010, Plaintiff filed a First Amended Complaint (the

"FAC"). A true and correct copy of the FAC is attached as **Exhibit 6** hereto.

9. In the FAC, Plaintiff alleges four causes of action: (1) race discrimination and retaliation in violation of the FEHA; (2) failure to take all reasonable steps to prevent discrimination in violation of the FEHA; (3) harassment in violation of the FEHA; and (4) wrongful discharge in violation of public policy. (Exh. 6). Only the Third Cause of Action for harassment is alleged against the two individual defendants, Mullen and Plooy. (*Id.* at 7-8).

10. On or about August 19, 2010, Defendant Schneider filed its Answer to the First Amended Complaint in the Superior Court for the San Bernardino County. Attached hereto as **Exhibit 7** is a true and correct copy of the Answer filed in the Superior Court pursuant to 28 U.S.C. § 1446(a).

11. On August 13, 2010, Schneider took the deposition of Plaintiff Taylor. Taylor took the depositions of Schneider employees Michael Auzenne on January 28, 2011, and of Christopher Hubbard on February 1, 2011. Ahearn Decl., ¶¶ 3-4. Schneider received certified copies of the transcripts of the depositions of Messrs. Auzenne and Hubbard on February 14, 2011 and February 16, 2011, respectively. *Id.*

**NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

12. Schneider is also providing written notice of this removal to Taylor's counsel, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of San Bernardino as required by 28 U.S.C. § 1446(d).

**JOINDER OF ALL DEFENDANTS**

13. The two named defendants, Mullen and Plooy, join in the removal of this action to federal court. See Notice of Consent to Removal, filed and served herewith.

**REMOVAL IS TIMELY**

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. §

1446(b). Defendant Schneider filed this Notice within one year after commencement of this action as required under 28 U.S.C. § 1446(b).

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

15. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) based on the existence of diverse citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, exclusive of interests and costs.

16. Diversity of citizenship exists so long as no plaintiff is the citizen of the same State as any defendant at the time the action was filed and at the time of removal. For purposes of removal, the citizenship of Doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.,* 157 F. 3d 686, 690 (9th Cir. 1998); (citing to 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980).

17. Plaintiffs Citizenship: At the time this action was commenced and at the time of removal, Plaintiff was a citizen of the State of California. (*See* Complaint at ¶ 3 and FAC at ¶ 3, where Taylor asserts that, as of the date he filed his Complaint, he resided in California.

18. Defendant Schneider is not a citizen of California. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Schneider was incorporated in the State of Nevada, and its principal place of business is located in Green Bay, Wisconsin. (Declaration of Robert Reich, filed and served herewith, at ¶¶ 2-3). Thus, Schneider is a citizen of the states of Nevada and Wisconsin for the purposes of determining diversity of citizenship.

19. Based on the foregoing, diversity is established between Plaintiff

Taylor and Defendant Schneider because Taylor is a citizen of California and Schneider is a citizen of the States of Nevada and Wisconsin.

20. **Defendants Mullen and Plooy are sham defendants, and thus their citizenship should be disregarded for purposes of this removal**: The other named Defendants, Mullen and Plooy, both individuals, are not proper parties to this lawsuit, and for purposes of evaluating diversity jurisdiction, their citizenship should be disregarded.

21. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Removal is proper despite the presence of a non-diverse defendant if that defendant is a "fraudulently joined" or "sham" defendant. *Nasrawi v. Buck Consultants,* LLC, 2010 WL 1948641 *3 (E.D. Cal. 2010). Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049, 1053 (E.D. Cal. 2006). In other words, a non-diverse defendant is deemed a sham defendant if the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir.1989); *see also In re New England Mutual Life Ins. Co. Sales Practices Litigation*, 324 F.Supp.2d 288, 298 (D. Mass. 2004) (A "mere theoretical possibility of recovery" is not sufficient to overcome claim of fraudulent joinder).

22. When determining whether a defendant is fraudulently joined, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Maffei,* 412 F.Supp.2d at 1053; *see also Lewis v. Time Inc.,* 83 F.R.D. 455 (E.D.Cal.1979) ("it is well settled that upon allegations of fraudulent joinder ... federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal"); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th

Cir.1987)(a defendant "is entitled to present the facts showing the joinder to be fraudulent"); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Cir. 1964).

23. If there is no possibility that the State court would recognize a valid cause of action against the non-diverse defendants, then those defendants have been fraudulently joined and must be ignored for the purposes of diversity jurisdiction. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir.); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) (where fraudulent joinder is shown, "the court may disregard the joinder and retain jurisdiction).

24. Plaintiff's sole cause of action against Mullen and Plooy is the Third Cause of Action in the FAC that alleges harassment in violation of the FEHA. (FAC ¶¶ 27-34). However, Taylor's Third Cause of Action against Mullen and Plooy fails as a matter of law because the undisputed facts show that Taylor's claims against Mullen and Plooy are barred by the statute of limitations under the FEHA. Any alleged harassment that occurred more than one year prior to July 9, 2009 is barred by the FEHA's statute of limitations. *See* California Government Code § 12960(d); *see also Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 614 n. 9 (1989) ("Since FEHA has a one year statute of limitations (§ 12960), the plaintiffs have no cause of action for ... alleged harassment.")

25. In Paragraph 10 of the FAC, Taylor alleges that Mullen engaged in the following harassment: (A) he used the word "nigger" when referring to Taylor; and that (B) he told Taylor that he "looked like a grease nigger". However, Taylor's deposition testimony confirms that, while Plooy, Mullen and Schneider deny that such instances ever occurred (*See* Exhibit 7 at 1:5-9), to the extent Taylor is capable of proving that they occurred, the record will show that they occurred outside statutory limitation period of 1 year prior to Taylor's filing of his DFEH charge.

26. Taylor testified at his deposition that he started with Schneider on January 19, 2007. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo), at 52:1-7). He also said that he worked the day shift until he transferred to the night shift sometime in March of 2008. (*Id.* at 57:3-23). Taylor also testified that Mullen called him the "N" word when he and Mullen both worked on the day shift. (*Id.* at 113:25-114:17). According to Taylor, the alleged incident that occurred in or prior to March of 2008 was the only alleged incident. (*Id.*). As such, even accepting Taylor's allegations and testimony as true, the one-year statute of limitations bars this claim.

27. Taylor also testified that the alleged "grease nigger" statement was made when he was working on the day shift, which was prior to March of 2008. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 113:25-114:9). Thus, as a matter of law, Taylor fails to state a cognizable claim against Defendant Mullen.

28. In Paragraph 10 of the FAC, Taylor also alleges that Defendant Plooy engaged in the following harassment: (C) he used the word "nigger"; (D) he told Taylor that he "doesn't like niggers that rap"; ((E) that he told Taylor that his dog "doesn't like niggers"; (F) that he called Taylor a "stupid ass"; (G) and that he used the word "fuck" when speaking to Taylor. However, Taylor's deposition testimony confirms that all of these alleged instances occurred outside the statute of limitations.

29. Taylor testified at his deposition that Plooy called him a "nigger" once, and that it occurred when Taylor was on the day shift, which was before March of 2008. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 114:18115-116:6). Taylor also said that Plooy made the alleged comment that he "doesn't like niggers that rap" and that his dog "doesn't like niggers" around April of 2007. (Id. at 105:17-109:17, Ex. 7). Taylor also said that Plooy made the alleged "fuck" and "stupid ass" statements while he was on the day shift, so prior to March of 2008. (*Id.* at 116:7-117:19). Thus, as a matter of law, Taylor fails to

state a cognizable claim against Defendant Plooy.

30. In the FAC, Taylor also alleges that his tool box was moved from its permanent storage location. (FAC ¶ 10(H)). This allegation is not directed at Mullen or Plooy. Taylor's deposition testimony also confirms that these alleged instances occurred while he was on the day shift, between 2007 and March of 2008. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 119:4-121:14, 127:10-130:1, 149:4-13, Ex. 9).

31. Similarly, Taylor alleges that he found the letters "FU" written on his tool box. (FAC ¶ 10(I)). This allegation is not directed at Mullen or Plooy. Moreover, Taylor's deposition testimony confirms that this alleged instance occurred while he was on the day shift, between 2007 and March of 2008. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 119:4-121:14, 149:4-13).

32. Taylor's FAC also alleges that on one occasion, he returned to work to find his stereo broken. (FAC ¶ 10(J)). Taylor's deposition testimony also confirms that this alleged event occurred in or prior to March of 2008. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 133:6-17, 135:1-5, Ex. 9).

33. Although not alleged in his FAC, Taylor also testified that Plooy had yelled at him for driving the forklift too fast. Ahearn Decl., ¶ 2 & Exh. A (Taylor Depo. at 147:4-20, Ex. 11). This alleged incident also occurred in January of 2008, well outside the one-year statute of limitations. (*Id.*).

34. Following the deposition of Taylor, questions remained regarding the meaning of a memorandum prepared on March 31, 2011 by Michael Auzenne ("Auzenne"), the then-current manager of the mechanic shop where Taylor worked. Ahearn Decl., ¶ 3 & Exh. B, and Exhibit 3 thereto. The memorandum (Exhibit 3 to Auzenne's deposition) makes vague reference to an allegation of ongoing harassment communicated to Mr. Auzenne by Christopher Hubbard ("Hubbard"), then Taylor's direct supervisor, to the effect that Taylor said he was being harassed by mechanics at the shop "maybe because he was

black." *Id.* The memorandum references further "monitoring" to be done by Hubbard, but leaves open the question of whether further alleged incidents of harassment of Taylor occurred up to Taylor's termination. *Id.*

35. The deposition testimony of Auzenne and Hubbard, the transcripts of which were received by Schneider on February 14, 2011 and February 16, 2011, respectively (*see* Ahearn Decl., ¶¶ 3-4), confirm that the allegations referenced in the memorandum, even if they are true, relate to events that occurred well before Taylor's termination on July 9, 2009. (*see* Ahearn Decl., ¶¶ 3-4). Specifically, Mr. Auzenne confirmed that he received no further reports regarding any harassment of Taylor. Ahearn Decl., ¶ 3 & Exh. B at 165:4-22. And, Mr. Hubbard, who was monitoring the situation regarding Mr. Taylor, did not recall any further incidents of harassment, *Id.*, ¶ 4 & Exh. C at 241:3-243:7. Rather, Hubbard only recalled a discussion with Taylor following the date of the memorandum, during which he says Taylor told him that Plooy and Mullen had, at some time in the past, called him a "grease nigger." *Id.* at 60:3-61:25; 148:12-150:2. Specifically, Hubbard said that Taylor was referring to an incident that had occurred before Taylor took a leave of absence which according to Taylor's own testimony occurred on or before he filed a Workers' Compensation claim on March 31, 2008. *Id.* at 139:3-12; Ahearn Decl., ¶ 2 & Exh. A at 150:1-151:15.

36. Auzenne also confirmed that, to the extent Taylor discussed with him an alleged incident of Plooy using the word "nigger" with Taylor, Taylor was reterning to an incident that had occurred prior to January 2008. Ahearn Decl., ¶3 & Exh. B at 162:12 - 164:1

37. Because Taylor cannot state any causes of action against Mullen or Plooy, removal is proper in this matter because the individual defendants were fraudulently joined and their citizenship cannot defeat diversity jurisdiction. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding removal proper where individual defendants were fraudulently joined because plaintiff's

claims against individuals failed as a matter of law).

38. Based on the foregoing, diversity is established because (a) Plaintiff is a California citizen, (b) Schneider is a citizen of Nevada and Wisconsin, and (c) the citizenship of Defendants Mullen and Plooy should be disregarded because they are "sham" defendants.

39. A non-diverse defendant who has been fraudulently joined cannot serve to defeat removal based on diversity between the proper parties. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001)

40. If the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled state law, then the joinder is deemed fraudulent and removal based on diversity is proper. *Id.*; *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); see also; *Zogbi v. Federated Dept. Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (individual manager employees were sham defendants whose presence did not destroy diversity). It does not have to be shown that the purpose of joinder was to prevent removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

41. Here, it is clear that Plaintiff Taylor cannot state a cause of action against the individual defendants Mullen and Plooy.

42. Finally, the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a). This court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff Taylor is a citizen of California and Defendant Schneider is not a citizen of California. Therefore, complete diversity among the parties exists now.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

43. It can be ascertained that the amount in controversy exceeds $75,000.

44. Plaintiff's Complaint seeks, among other damages, (a) compensatory damages for his alleged economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress (FAC at p. 9); (b) punitive damages (FAC ¶¶ 21, 26, 34, 40), and (c) attorney fees under the FEHA (FAC at p. 9).

45. Taylor also alleges that he has "suffered monetary damages in the form of reduced wages." (FAC ¶ 17). At the time of Taylor's termination on or about July 8, 2008, he worked full time (about 40 hours a week), and earned $15.26 an hour. Ahearn Decl., ¶ 2 & Exh. A at 57:3-23 and 159:23-160:1. Schneider thus calculates Taylor's alleged lost wages from his termination date until the time of removal amount to over $45,000, plus benefits. *See also Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399 *3 (N.D. Cal. 2008). This amount will surely be over $50,000 by the trial date. *Id.*

46. Taylor also seeks damages for emotional distress and punitive damages. *See Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages may be considered in the amount in controversy). "In order to establish the amount of emotional distress and punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Rivera,* 2008 WL 2740399 at *4. (N.D. Cal. 2008). Although Schneider disputes Plaintiff's allegations, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), overruled on other grounds, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). These cases establish, by a preponderance of evidence, that emotional distress and punitive damage awards in employment discrimination cases may be substantial. Rivera, 2008 WL 2740399 at *4; *see also White v. FCI USA, Inc.* 319 F.3d 672, 674 (5th Cir.

2003) (facially apparent that wrongful termination claim exceeded $75,000 due to lengthy list of damages including loss of pay, fringe benefits, emotional distress, etc, combined with claim for attorneys' fees.)

47. Plaintiff Taylor also seeks attorneys' fees. In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." 142 F.3d 1150, 1156 (9th Cir.1998). Because attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA, the Court may consider the fees arising from time spent on Plaintiff's FEHA claims in its computation of the jurisdictional amount in controversy. Cal. Gov't Code § 12965; see also *Rivera,* 2008 WL 2740399 *5. Courts have recognized that "attorneys' fees in individual discrimination cases often exceed the damages." *Id.* (citing *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal.2002)). Indeed, the attorneys' fees alone through trial of any cause of action would likely exceed $75,000, and could be many times that amount. *See, Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under the FEHA for $891,042); *See also Rivera,* 2008 WL 2740399 *3 (denying motion for remand, the court stated that employment discrimination claims require a great deal of preparation and effort to maintain and at Plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial).

48. Plaintiff also seeks the imposition of wide-ranging injunctive relief on Defendant. (FAC at 9). Plaintiff requests injunctive relief, including that Schneider take affirmative steps to correct its allegedly unlawful practices. (FAC at 9). For the purposes of diversity jurisdiction, the cost to Schneider of this injunctive relief should be included in the amount in controversy. See *BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 553 (7th Cir. 2002).

49. Therefore, notwithstanding Plaintiff's other asserted damages, the

amount in controversy on his claims for lost wages, emotional distress damages, punitive damages, and attorneys' fees far exceed the jurisdictional minimum of $75,000.

50. WHEREFORE, having provided notice as required by law and based on the above, the above-entitled action should hereby be removed from the Superior Court of San Bernardino County to this honorable District Court.

**CONCLUSION**

51. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Schneider respectfully requests that this Court exercise its removal jurisdiction over this action.

52. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: March 4, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.

By: [signature]
DOUGLAS J. FARMER
MICHAEL J. NADER
CHRISTOPHER M. AHEARN
Attorneys for Defendant
SCHNEIDER NATIONAL CARRIERS, INC.

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 1**

# *** EMPLO MENT ***

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910R5024-01

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
TAYLOR, ROBERT

TELEPHONE NUMBER (INCLUDE AREA CODE)
(909)381-1905

ADDRESS
360 ELM CIRCLE

CITY/STATE/ZIP
SAN BERNARDINO,CA,92410

COUNTY
SAN BERNARDINO

COUNTY CODE
071

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WH DISCRIMINATED AGAINST ME:

NAME
MULLER, JEFF

TELEPHONE NUMBER (Include Area Code)
(909)574-2168

ADDRESS
14392 VALLEY BOULEVARD

DFEH USE ONLY

CITY/STATE/ZIP
FONTANA,CA,92335

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year)
07/09/2008

RESPONDENT CODE
01

THE PARTICULARS ARE:

I allege that on about or before 07/09/2008, the following conduct occurred:

- X termination
- _ laid off
- _ demotion
- X harassment
- _ genetic characteristics testing
- _ constructive discharge (forced to quit)
- _ impermissible non-job-related inquiry
- _ denial of employment
- _ denial of promotion
- _ denial of transfer
- _ denial of accommodation
- _ failure to prevent discrimination or retaliation
- X retaliation
- _ other (specify)
- _ denial of family or medical leave
- _ denial of pregnancy leave
- _ denial of equal pay
- _ denial of right to wear pants
- _ denial of pregnancy accommodation

by MULLER, JEFF
Name of Person

SUPERVISOR
Job Title (supervisor/manager/personnel director/etc.)

because of :

- _ sex
- _ age
- _ religion
- X race/color
- _ national origin/ancestry
- _ marital status
- _ sexual orientation
- _ association
- _ disability (physical or mental)
- _ medical condition (cancer or genetic characteristic)
- _ other (specify)
- _ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination

WHILE EMPLOYED BY SCHNEIDER NATIONAL CARRIERS, INC., COMPLAINANT WAS SUBJECTED TO DISCRIMINATION AND HARASSMENT ON THE BASES OF HIS RACE BY SUPERVISORS JEFF MULLER AND JOHN PULLEY. COMPLAINANT COMPLAINED TO HIS IMMEDIATE SUPERVISOR, CHRIS HUBBARD, BUT NO ACTION WAS TAKEN AND COMPLAINANT WAS THEN TERMINATED. COMPLAINANT'S EMPLOYER FAILED TO PREVENT AND CORRECT THE FOREGOING ACTS OF DISCRIMINATION AND RETALIATED AGAINST COMPLAINANT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit th U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichev is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matte stated on my information and belief, and as to those matters I believe it to be true.

Dated 7/9/2009 10:29:00 PM

At Torrance

DATE FILED: 7/9/2009 10:29:00 PM

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 2**

# *** EMPLO(MENT ***

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910R5024-02
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF F/ IR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.): TAYLOR, ROBERT
TELEPHONE NUMBER (INCLUDE AREA CODE): (909)381-1905

ADDRESS: 360 ELM CIRCLE

CITY/STATE/ZIP: SAN BERNARDINO,CA,92410
COUNTY: SAN BERNARDINO
COUNTY CODE: 071

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, \PPI ENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WH DISCRIMINATED AGAINST ME:

NAME: PULLEY, JOHN
TELEPHONE NUMBER (Include Area Code): (909)574-2168

ADDRESS: 14392 VALLEY BOULEVARD
DFEH USE ONLY

CITY/STATE/ZIP: FONTANA,CA,92335
COUNTY
COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
DATE MOST RECENT OR CONTINUING DISCI MIN/.TION TOOK PLACE (month,day, and year): 07/09/2008
RESPONDENT CODE: 02

THE PARTICULARS ARE:

I allege that on about or before 07/09/2008, the following conduct occurred:

- X termination
- ___ laid off
- ___ demotion
- X harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry
- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- ___ denial of accommodation
- ___ failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify)
- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by PULLEY, JOHN (Name of Person) — SENIOR MECHANIC (Job Title (supervisor/manager/personnel director/etc.))

because of:

- ___ sex
- ___ age
- ___ religion
- X race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- ___ disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic)
- ___ other (specify)
- ___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination: WHILE EMPLOYED BY SCHNEIDER NATIONAL CARRIERS, INC., COM LAIN ANT WAS SUBJECTED TO DISCRIMINATION AND HARASSMENT ON THE BASES OF HIS RACE BY SUPERVISORS JEFF MULLER AND JOHN PULLEY. COI 'LAII ANT COMPLAINED TO HIS IMMEDIATE SUPERVISOR, CHRIS HUBBARD, BUT NO ACTION WAS TAKEN AND COMPLAINANT WAS THEN TERMINATED. ( OMP AINANT'S EMPLOYER FAILED TO PREVENT AND CORRECT THE FOREGOING ACT OF DISCRIMINATION AND RETALIATED AGAINST COMPLAINANT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Hous g prcvide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit th U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of re DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whiche is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not : so. I understand it is the Department of Fair Employment and Housing's policy to not process o reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Acti ."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State c Cali ornia that the foregoing is true and correct of my own knowledge except as to matt stated on my information and belief, and as to those matters I believe it to be true.

Dated 7/9/2009 10:29:00 PM

At Torrance

DATE FILED: 7/9/2 )09 10:29:00 PM

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 3**

# *** EMPLO' 'MENT ***

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E200910R5024-00

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FA R EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.): TAYLOR, ROBERT

TELEPHONE NUMBER (INCLUDE AREA CODE): (909)381-1905

ADDRESS: 360 ELM CIRCLE

CITY/STATE/ZIP: SAN BERNARDINO, CA 92410

COUNTY: SAN BERNARDINO

COUNTY CODE: 071

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, PPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WH DISCRIMINATED AGAINST ME:

NAME: SCHNEIDER NATIONAL CARRIERS, INC.

TELEPHONE NUMBER (Include Area Code): (909)574-2168

ADDRESS: 14392 VALLEY BOULEVARD

DFEH USE ONLY

CITY/STATE/ZIP: FONTANA, CA 92335

COUNTY: SAN BERNARDINO

COUNTY CODE: 071

NO. OF EMPLOYEES/MEMBERS (if known):

DATE MOST RECENT OR CONTINUING DISCR MINATION TOOK PLACE (month, day, and year): 07/09/2008

RESPONDENT CODE: 00

THE PARTICULARS ARE:

I allege that on about or before 07/09/2008, the following conduct occurred:

X termination
___ laid off
___ demotion
X harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related inquiry
___ denial of employment
___ denial of promotion
___ denial of transfer
___ denial of accommodation
___ failure to prevent discrimination or retaliation
X retaliation
___ other (specify)
___ denial of family or medical leave
___ denial of pregnancy leave
___ denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy accommodation

by SCHNEIDER NATIONAL CARRIERS, INC.

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of:

___ sex
___ age
___ religion
X race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
___ disability (physical or mental)
___ medical condition (cancer or genetic characteristic
___ other (specify)
___ retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination: WHILE EMPLOYED BY SCHNEIDER NATIONAL CARRIERS, INC., COM AIN NT WAS SUBJECTED TO DISCRIMINATION AND HARASSMENT ON THE BASES OF HIS RACE BY SUPERVISORS JEFF MULLER AND JOHN PULLEY. COM LAINANT COMPLAINED TO HIS IMMEDIATE SUPERVISOR, CHRIS HUBBARD, BUT NO ACTION WAS TAKEN AND COMPLAINANT WAS THEN TERMINATED. ( )MPLAINANT'S EMPLOYER FAILED TO PREVENT AND CORRECT THE FOREGOING ACT OF DISCRIMINATION AND RETALIATED AGAINST COMPLAINANT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Hous g pro ide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit t U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of e DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whiche is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not ( so. I understand it is the Department of Fair Employment and Housing's policy to not process reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Acti n."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State o Calif rnia that the foregoing is true and correct of my own knowledge except as to matt stated on my information and belief, and as to those matters I believe it to be true.

Dated 7/9/2009 10:29:00 PM

At Torrance

DATE FILED: 7/9/2009 10:29:00 PM

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 4**

MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax. (310) 218-1155

Attorney for Plaintiff Robert Taylor

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
MAR - 4 2010
By [signature] Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ROBERT TAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLER, an individual; JOHN PULLEY, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CIVDS 1002578<br><br>**COMPLAINT FOR VIOLATION OF:**<br><br>**1. California Fair Employment and Housing Act**<br><br>**2. Wrongful Discharge in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

**NATURE OF THE ACTION**

1. This civil rights action is brought to remedy DEFENDANTS' employment practices and policies of race discrimination. PLAINTIFF seeks compensatory damages, and attorneys' fees.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over DEFENDANTS because it is a governmental entity located in the State of California and because DEFENDANTS are residents of and/or doing business in the State of California. Venue is proper because the DEFENDANTS' wrongs occurred in this county.

///

**PLAINTIFF**

3. PLAINTIFF ROBERT TAYLOR ("PLAINTIFF") is an African-American citizen of the United States, and a resident of the State of California. At all relevant times herein, PLAINTIFF was employed by DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

**DEFENDANTS**

4. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that SCHNEIDER NATIONAL CARRIERS, INC. ("SCHNEIDER NATIONAL"), is, and at all times relevant hereto was a Nevada corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SCHNEIDER NATIONAL is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SCHNEIDER NATIONAL maintains offices and facilities and conducts business in the County of San Bernardino, State of California.

5. DEFENDANT JEFF MULLER ("MULLER") is an individual and a resident of the State of California. At all relevant times herein, MULLER was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, MULLER was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

6. DEFENDANT JOHN PULLEY ("PULLEY") is an individual and a resident of the State of California. At all relevant times herein, PULLEY was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, PULLEY was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

7. The true names and capacities of DOES 1 through 50, inclusive, are unknown to

///



MAY-24-2010 12:30 SCHNEIDER NATIONAL 909 574 2169 P.03

PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in a joint enterprise with each other. Additionally, all of the DEFENDANTS were joint employers of the PLAINTIFF.

8. PLAINTIFF is informed and believes and thereon alleges, that each and every DEFENDANT was the authorized agent, principal, partner, joint venturer, guarantor, actual or ostensible, of the other DEFENDANTS and had full authority to do as alleged herein, unless alleged otherwise. Furthermore, each and every DEFENDANT was operating within the course and scope of their agency, or as principal, partner, joint venturer, guarantor, actual or ostensible, relationship with the other DEFENDANTS during the course of events described herein unless alleged otherwise.

## STATEMENT OF FACTS

9. In or about December 2006, PLAINTIFF commenced employment with DEFENDANT SCHNEIDER NATIONAL as a Trailer Mechanic.

10. Soon after commencement of his employment and continuing thereafter, PLAINTIFF was subjected to racial harassment and discrimination by DEFENDANT MULLER and DEFENDANT PULLEY. The foregoing acts of racial harassment and discrimination perpetrated upon PLAINTIFF by DEFENDANTS include, but are not limited to, the following:

A. On several occasions, DEFENDANT MULLER used the word "nigger" when referring to PLAINTIFF.

B. On at least one occasion, DEFENDANT MULLER told PLAINTIFF that he "looked like a grease nigger."

C. On more than one occasion, DEFENDANT PULLEY used the word "nigger"

///

D. On at least one occasion, DEFENDANT PULLEY told PLAINTIFF that he "doesn't like niggers that rap."

E. On at least one occasion, DEFENDANT PULLEY told PLAINTIFF that his dog "doesn't like niggers."

F. On at least one occasion, DEFENDANT PULLEY called PLAINTIFF "stupid ass."

G. On more than one occasion, DEFENDANT PULLEY used vulgar and derogatory language when speaking to PLAINTIFF such as the word "fuck."

H. On more than one occasion, PLAINTIFF's tool box was moved from its permanent storage location.

I. On one occasion, PLAINTIFF found the letters "FU" written on his tool box.

J. On one occasion, PLAINTIFF returned to work to find his stereo broken.

11. Since working with DEFENDANT SCHNEIDER NATIONAL, PLAINTIFF was subjected to a hostile environment.

12. PLAINTIFF complained about DEFENDANTS harassing behavior to Chris Hubbard, a night supervisor, and Human Resources. PLAINTIFF also gave a statement to a private investigator; however, DEFENDANT SCHNEIDER NATIONAL failed to take steps to prevent or correct the ongoing harassment and failed to reprimand, terminate, or take any disciplinary action against DEFENDANTS MULLER and PULLEY.

13. PLAINTIFF is informed and believes that DEFENDANTS MULLER and PULLEY were never reprimanded and that his complaints were never investigated by DEFENDANT SCHNEIDER NATIONAL.

14. After PLAINTIFF complained about DEFENDANTS harassing behavior, DEFENDANTS retaliated against PLAINTIFF by terminating his employment.

15. PLAINTIFF is informed and believes, and thereon alleges that all of the foregoing conduct was motivated and based upon his race. DEFENDANT SCHNEIDER NATIONAL

///

ratified all the foregoing conduct and retaliated against PLAINTIFF by taking severe job actions including, but not limited to, termination against PLAINTIFF.

**INJURIES TO PLAINTIFF**

16. As a direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered and will continue to suffer, great mental and emotional anguish. Additionally, PLAINTIFF has been humiliated and embarrassed as a result of the foregoing acts of DEFENDANTS.

17. As a further direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered monetary damages in the form of reduced wages.

**FIRST CAUSE OF ACTION**

**California Fair Employment and Housing Act**
**(Against All Defendants)**

18. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 17.

19. As set forth above, DEFENDANTS' acts and omissions constitute violations of the California Fair Employment and Housing Act (California Government Code §12900 et seq.). PLAINTIFF has filed a complaint of race discrimination, harassment and retaliation with the California Department of Fair Employment and Housing, and has received his right to sue letter. The DEFENDANTS failed to prevent, correct and/or investigate PLAINTIFF's claims of discrimination.

20. By reason of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

21. DEFENDANTS, and each of them, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional



MAY-24-2010 12:31 SCHNEIDER NATIONAL 909 574 2169 P.06

reckless and willful, oppressive, and malicious conduct, acted with wilful and conscious disregard of PLAINTIFF's rights, welfare, and safety, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages to be determined at trial. PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

22. PLAINTIFF has no adequate remedy at law to prevent the continuing and unlawful conduct of DEFENDANTS, and, unless enjoined, DEFENDANTS' acts will result in great and irreparable injury to PLAINTIFF.

## SECOND CAUSE OF ACTION

**Wrongful Discharge in Violation of Public Policy**
**(Against Defendant SCHNEIDER NATIONAL)**

23. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 22.

24. At all relevant times herein, Article I, Section 8 of the California Constitution, and the California Fair Employment and Housing Act, were in full force and effect, and were binding on DEFENDANTS. Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon, require DEFENDANTS to refrain from committing acts of harassment, retaliation, gender discrimination, and termination based upon complaints about the same, in the treatment of their employees.

25. DEFENDANTS terminated the employment of PLAINTIFF because he complained about DEFENDANT MULLER and PULLEY's acts of discriminatory harassment.

26. As set forth above, DEFENDANTS' acts and omissions constitute violations of the California Constitution, Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon. Such unfair and discriminatory conduct was a substantial factor in causing damage and injury to PLAINTIFF.

27. By reason of DEFENDANTS' unlawful acts, practices, and omissions,



MAY-24-2010 12:32 SCHNEIDER NATIONAL 909 574 2169 P.07

PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.

28. The unlawful acts and practices of DEFENDANTS alleged herein were reckless and willful, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter DEFENDANTS from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages.

**WHEREFORE,** PLAINTIFF prays that this court:

1. Permanently enjoin DEFENDANTS and its agents, employees and successors, and all persons in active conduct or participation with DEFENDANTS, from engaging in discriminatory employment practices.

2. Enter a declaratory judgment that the acts and practices of DEFENDANTS and its agents and employees as set forth herein violate the foregoing provisions of law.

3. Direct DEFENDANTS to take such affirmative steps as may be necessary and appropriate to correct the effect of its past unlawful acts and practices.

4. Order the following award of damages against DEFENDANTS:

a. Compensatory damages on the PLAINTIFF'S economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress.

5. Award PLAINTIFF the costs and expenses of this action, including reasonable attorney's fees pursuant to the Fair Employment and Housing Act.

6. Grant such other and further relief as the Court deems just and proper.

DATED: March 1, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By:

Matthew J. Matern
Attorney for Plaintiff
Robert Taylor



W:\Taylor, Robert\Pleading\Race Discrimination Complaint.d2.wpd

MAY-24-2010 12:32 SCHNEIDER NATIONAL 909 574 2169 P.08

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: March 1, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By:

Matthew J. Matern
Attorney for Plaintiff
Robert Taylor

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 5**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR - 4 2010

By [signature] Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLER, an individual; JOHN PULLEY, an individual; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ROBERT TAYLOR, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN BERNARDINO SUPERIOR COURT
303 WEST 3RD STREET
SAN BERNARDINO, CALIFORNIA 92415-0302

CASE NUMBER: *(Número del Caso):* CIVDS 1002578

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MATTHEW J. MATERN (State Bar #159798) (310) 218-5500 (310) 218-1155
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 CRENSHAW BOULEVARD, SUITE 100
TORRANCE, CA 90501

DATE: *(Fecha)* MAR - 4 2010 Clerk, by *(Secretario)* EDMOND CASTRO, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1



MAY-24-2010 12:29 SCHNEIDER NATIONAL 909 574 2169 P.01

MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax. (310) 218-1155

Attorney for Plaintiff Robert Taylor

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
MAR - 4 2010
By [signature] Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

ROBERT TAYLOR, an individual,

Plaintiff,

vs.

SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLER, an individual; JOHN PULLEY, an individual; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. CIVDS 1002578

**COMPLAINT FOR VIOLATION OF:**

1. **California Fair Employment and Housing Act**
2. **Wrongful Discharge in Violation of Public Policy**

**DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

1. This civil rights action is brought to remedy DEFENDANTS' employment practices and policies of race discrimination. PLAINTIFF seeks compensatory damages, and attorneys' fees.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over DEFENDANTS because it is a governmental entity located in the State of California and because DEFENDANTS are residents of and/or doing business in the State of California. Venue is proper because the DEFENDANTS' wrongs occurred in this county.

///

**PLAINTIFF**

3. PLAINTIFF ROBERT TAYLOR ("PLAINTIFF") is an African-American citizen of the United States, and a resident of the State of California. At all relevant times herein, PLAINTIFF was employed by DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

**DEFENDANTS**

4. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that SCHNEIDER NATIONAL CARRIERS, INC. ("SCHNEIDER NATIONAL") is, and at all times relevant hereto was a Nevada corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SCHNEIDER NATIONAL is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SCHNEIDER NATIONAL maintains offices and facilities and conducts business in the County of San Bernardino, State of California.

5. DEFENDANT JEFF MULLER ("MULLER") is an individual and a resident of the State of California. At all relevant times herein, MULLER was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, MULLER was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

6. DEFENDANT JOHN PULLEY ("PULLEY") is an individual and a resident of the State of California. At all relevant times herein, PULLEY was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, PULLEY was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

7. The true names and capacities of DOES 1 through 50, inclusive, are unknown to

///

PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in a joint enterprise with each other. Additionally, all of the DEFENDANTS were joint employers of the PLAINTIFF.

8. PLAINTIFF is informed and believes and thereon alleges, that each and every DEFENDANT was the authorized agent, principal, partner, joint venturer, guarantor, actual or ostensible, of the other DEFENDANTS and had full authority to do as alleged herein, unless alleged otherwise. Furthermore, each and every DEFENDANT was operating within the course and scope of their agency, or as principal, partner, joint venturer, guarantor, actual or ostensible relationship with the other DEFENDANTS during the course of events described herein unless alleged otherwise.

## STATEMENT OF FACTS

9. In or about December 2006, PLAINTIFF commenced employment with DEFENDANT SCHNEIDER NATIONAL as a Trailer Mechanic.

10. Soon after commencement of his employment and continuing thereafter, PLAINTIFF was subjected to racial harassment and discrimination by DEFENDANT MULLER and DEFENDANT PULLEY. The foregoing acts of racial harassment and discrimination perpetrated upon PLAINTIFF by DEFENDANTS include, but are not limited to, the following:

A. On several occasions, DEFENDANT MULLER used the word "nigger" when referring to PLAINTIFF.

B. On at least one occasion, DEFENDANT MULLER told PLAINTIFF that he "looked like a grease nigger."

C. On more than one occasion, DEFENDANT PULLEY used the word "nigger"

///

D. On at least one occasion, DEFENDANT PULLEY told PLAINTIFF that he "doesn't like niggers that rap."

E. On at least one occasion, DEFENDANT PULLEY told PLAINTIFF that his dog "doesn't like niggers."

F. On at least one occasion, DEFENDANT PULLEY called PLAINTIFF "stupid ass."

G. On more than one occasion, DEFENDANT PULLEY used vulgar and derogatory language when speaking to PLAINTIFF such as the word "fuck."

H. On more than one occasion, PLAINTIFF's tool box was moved from its permanent storage location.

I. On one occasion, PLAINTIFF found the letters "FU" written on his tool box.

J. On one occasion, PLAINTIFF returned to work to find his stereo broken.

11. Since working with DEFENDANT SCHNEIDER NATIONAL, PLAINTIFF was subjected to a hostile environment.

12. PLAINTIFF complained about DEFENDANTS harassing behavior to Chris Hubbard, a night supervisor, and Human Resources. PLAINTIFF also gave a statement to a private investigator; however, DEFENDANT SCHNEIDER NATIONAL failed to take steps to prevent or correct the ongoing harassment and failed to reprimand, terminate, or take any disciplinary action against DEFENDANTS MULLER and PULLEY.

13. PLAINTIFF is informed and believes that DEFENDANTS MULLER and PULLEY were never reprimanded and that his complaints were never investigated by DEFENDANT SCHNEIDER NATIONAL.

14. After PLAINTIFF complained about DEFENDANTS harassing behavior, DEFENDANTS retaliated against PLAINTIFF by terminating his employment.

15. PLAINTIFF is informed and believes, and thereon alleges that all of the foregoing conduct was motivated and based upon his race. DEFENDANT SCHNEIDER NATIONAL

///

ratified all the foregoing conduct and retaliated against PLAINTIFF by taking severe job actions including, but not limited to, termination against PLAINTIFF.

**INJURIES TO PLAINTIFF**

16. As a direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered and will continue to suffer, great mental and emotional anguish. Additionally, PLAINTIFF has been humiliated and embarrassed as a result of the foregoing acts of DEFENDANTS.

17. As a further direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered monetary damages in the form of reduced wages.

**FIRST CAUSE OF ACTION**

**California Fair Employment and Housing Act**
**(Against All Defendants)**

18. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 17.

19. As set forth above, DEFENDANTS' acts and omissions constitute violations of the California Fair Employment and Housing Act (California Government Code §12900 et seq.). PLAINTIFF has filed a complaint of race discrimination, harassment and retaliation with the California Department of Fair Employment and Housing, and has received his right to sue letter. The DEFENDANTS failed to prevent, correct and/or investigate PLAINTIFF's claims of discrimination.

20. By reason of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

21. DEFENDANTS, and each of them, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional,

reckless and willful, oppressive, and malicious conduct, acted with wilful and conscious disregard of PLAINTIFF's rights, welfare, and safety, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages to be determined at trial. PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

22. PLAINTIFF has no adequate remedy at law to prevent the continuing and unlawful conduct of DEFENDANTS, and, unless enjoined, DEFENDANTS' acts will result in great and irreparable injury to PLAINTIFF.

## SECOND CAUSE OF ACTION

**Wrongful Discharge in Violation of Public Policy**
**(Against Defendant SCHNEIDER NATIONAL)**

23. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 22.

24. At all relevant times herein, Article I, Section 8 of the California Constitution, and the California Fair Employment and Housing Act, were in full force and effect and were binding on DEFENDANTS. Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon, require DEFENDANTS to refrain from committing acts of harassment, retaliation, gender discrimination, and termination based upon complaints about the same, in the treatment of their employees.

25. DEFENDANTS terminated the employment of PLAINTIFF because he complained about DEFENDANT MULLER and PULLEY's acts of discriminatory harassment.

26. As set forth above, DEFENDANTS' acts and omissions constitute violations of the California Constitution, Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon. Such unfair and discriminatory conduct was a substantial factor in causing damage and injury to PLAINTIFF.

27. By reason of DEFENDANTS' unlawful acts, practices, and omissions,





MAY-24-2010 12:32 SCHNEIDER NATIONAL 909 574 2169 P.07

PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.

28. The unlawful acts and practices of DEFENDANTS alleged herein were reckless and willful, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANTS and to serve as an example to deter DEFENDANTS from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages.

**WHEREFORE,** PLAINTIFF prays that this court:

1. Permanently enjoin DEFENDANTS and its agents, employees and successors, and all persons in active conduct or participation with DEFENDANTS, from engaging in discriminatory employment practices.

2. Enter a declaratory judgment that the acts and practices of DEFENDANTS and its agents and employees as set forth herein violate the foregoing provisions of law.

3. Direct DEFENDANTS to take such affirmative steps as may be necessary and appropriate to correct the effect of its past unlawful acts and practices.

4. Order the following award of damages against DEFENDANTS:

a. Compensatory damages on the PLAINTIFF'S economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress.

5. Award PLAINTIFF the costs and expenses of this action, including reasonable attorney's fees pursuant to the Fair Employment and Housing Act.

6. Grant such other and further relief as the Court deems just and proper.

DATED: March 1, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By: [signature]

Matthew J. Matern
Attorney for Plaintiff
Robert Taylor



W:\Taylor, Robert\Pleading\Race Discrimination Complaint.d2.wpd

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: March 1, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By: Matthew J. Matern
Attorney for Plaintiff
Robert Taylor

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

MAR - 4 2010
By [signature]

PLEASE TAKE NOTICE, that the above-entitled case has been set for a Case Management Conference and an Order to Show Cause why the case should not be dismissed for failure to serve the summons and complaint. File your Case Management Statement with the court fifteen (15) calendar days prior to the hearing. Failure to appear may result in monetary sanctions and/or dismissal of your case. THIS CASE HAS BEEN ASSIGNED TO JUDGE W ROBERT FAWKE IN DEPARTMENT S38 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set: 06/04/10 at 8:30 in Department S38. If proof of service of summons and complaint has been filed before that date, no appearance is required at the time of the Order to Show Cause hearing. The Case Management Conference is set: 09/03/10 at 8:30 in Department S38.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the time you have to respond to the complaint. The time for response is clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS.

Date: 03/04/10

Tressa S. Kentner, Clerk of the Court
By: Edmond Castro

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed above, for collection and mailing this date, following ordinary business practice.

( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.

( ✓ ) A copy of this notice was given to the filing party at the counter.

( ) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

DATE OF MAILING: 03/04/10

I declare under penalty of perjury that the foregoing is true and correct. Executed on 03/04/10 at San Bernardino, CA By: Edmond Castro

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 6**

MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax. (310) 218-1155

Attorney for Plaintiff Robert Taylor

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL 15 2010
By ______ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

ROBERT TAYLOR, an individual,

Plaintiff,

vs.

SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLEN, an individual; JOHN PLOOY, an individual; and DOES 1 through 50, inclusive,

Defendants.

CASE NO. CIVDS 1002578

**FIRST AMENDED COMPLAINT FOR VIOLATION OF:**

1. **Race Discrimination and Retaliation (California Gov. Code §12940(a)(h))**
2. **Failure to Take All Reasonable Steps to Prevent Discrimination (California Gov. Code §12940(k))**
3. **Harassment (California Government Code §12940(j)(1)(3))**
4. **Wrongful Discharge in Violation of Public Policy**

**DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

1. This civil rights action is brought to remedy DEFENDANTS' employment practices and policies of race discrimination. PLAINTIFF seeks compensatory damages, and attorneys' fees.

///

///

///

## JURISDICTION AND VENUE

2. This Court has personal jurisdiction over DEFENDANTS because it is a governmental entity located in the State of California and because DEFENDANTS are residents of and/or doing business in the State of California. Venue is proper because the DEFENDANTS' wrongs occurred in this county.

## PLAINTIFF

3. PLAINTIFF ROBERT TAYLOR ("PLAINTIFF") is an African-American citizen of the United States, and a resident of the State of California. At all relevant times herein, PLAINTIFF was employed by DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.

## DEFENDANTS

4. At all relevant times alleged herein, PLAINTIFF is informed and believes, and thereon alleges that SCHNEIDER NATIONAL CARRIERS, INC. ("SCHNEIDER NATIONAL"), is, and at all times relevant hereto was a Nevada corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SCHNEIDER NATIONAL is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT SCHNEIDER NATIONAL maintains offices and facilities and conducts business in the County of San Bernardino, State of California.

5. DEFENDANT JEFF MULLEN ("MULLEN") is an individual and a resident of the State of California. At all relevant times herein, MULLEN was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, MULLEN was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

6. DEFENDANT JOHN PLOOY ("PLOOY") is an individual and a resident of

///

///

the State of California. At all relevant times herein, PLOOY was employed by DEFENDANT SCHNEIDER NATIONAL and was PLAINTIFF's supervisor. At all relevant times herein, PULLEY was DEFENDANT SCHNEIDER NATIONAL's managing agent and was acting within the scope of his employment and/or as an agent of DEFENDANT SCHNEIDER NATIONAL during the course of events described herein unless alleged otherwise.

7. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in a joint enterprise with each other. Additionally, all of the DEFENDANTS were joint employers of the PLAINTIFF.

8. PLAINTIFF is informed and believes and thereon alleges, that each and every DEFENDANT was the authorized agent, principal, partner, joint venturer, guarantor, actual or ostensible, of the other DEFENDANTS and had full authority to do as alleged herein, unless alleged otherwise. Furthermore, each and every DEFENDANT was operating within the course and scope of their agency, or as principal, partner, joint venturer, guarantor, actual or ostensible, relationship with the other DEFENDANTS during the course of events described herein unless alleged otherwise.

## STATEMENT OF FACTS

9. In or about December 2006, PLAINTIFF commenced employment with DEFENDANT SCHNEIDER NATIONAL as a Trailer Mechanic.

10. Soon after commencement of his employment and continuing thereafter, PLAINTIFF was subjected to racial harassment and discrimination by DEFENDANT MULLEN and DEFENDANT PLOOY. The foregoing acts of racial harassment and discrimination perpetrated upon PLAINTIFF by DEFENDANTS include, but are not limited to, the following:

A. On several occasions, DEFENDANT MULLEN used the word "nigger" when referring to PLAINTIFF.

B. On at least one occasion, DEFENDANT MULLEN told PLAINTIFF that he "looked like a grease nigger."

C. On more than one occasion, DEFENDANT PLOOY used the word "nigger."

D. On at least one occasion, DEFENDANT PLOOY told PLAINTIFF that he "doesn't like niggers that rap."

E. On at least one occasion, DEFENDANT PLOOY told PLAINTIFF that his dog "doesn't like niggers."

F. On at least one occasion, DEFENDANT PLOOY called PLAINTIFF "stupid ass."

G. On more than one occasion, DEFENDANT PLOOY used vulgar and derogatory language when speaking to PLAINTIFF such as the word "fuck."

H. On more than one occasion, PLAINTIFF's tool box was moved from its permanent storage location.

I. On one occasion, PLAINTIFF found the letters "FU" written on his tool box.

J. On one occasion, PLAINTIFF returned to work to find his stereo broken.

11. Since working with DEFENDANT SCHNEIDER NATIONAL, PLAINTIFF was subjected to a hostile environment.

12. PLAINTIFF complained about DEFENDANTS harassing behavior to Chris Hubbard, a night supervisor, and Human Resources. PLAINTIFF also gave a statement to a private investigator; however, DEFENDANT SCHNEIDER NATIONAL failed to take steps to prevent or correct the ongoing harassment and failed to reprimand, terminate, or take any disciplinary action against DEFENDANTS MULLEN and PLOOY.

13. PLAINTIFF is informed and believes that DEFENDANTS MULLEN and PLOOY were never reprimanded and that his complaints were never investigated by DEFENDANT SCHNEIDER NATIONAL.

///

14. After PLAINTIFF complained about DEFENDANTS harassing behavior, DEFENDANTS retaliated against PLAINTIFF by terminating his employment.

15. PLAINTIFF is informed and believes, and thereon alleges that all of the foregoing conduct was motivated and based upon his race. DEFENDANT SCHNEIDER NATIONAL ratified all the foregoing conduct and retaliated against PLAINTIFF by taking severe job actions including, but not limited to, termination against PLAINTIFF.

**INJURIES TO PLAINTIFF**

16. As a direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered and will continue to suffer, great mental and emotional anguish. Additionally, PLAINTIFF has been humiliated and embarrassed as a result of the foregoing acts of DEFENDANTS.

17. As a further direct and proximate result of the foregoing unlawful and malicious acts of DEFENDANTS, PLAINTIFF has suffered monetary damages in the form of reduced wages.

**FIRST CAUSE OF ACTION**

**Race Discrimination and Retaliation**
**California Gov. Code §12940(a)(h)**
**(Against Defendant SCHNEIDER NATIONAL)**

18. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 17.

19. As set forth above, DEFENDANT acts and omissions constitute violations of the California Government Code §12900(a)(h). PLAINTIFF has filed a complaint of race discrimination and retaliation with the California Department of Fair Employment and Housing, and has received his right to sue letter. The DEFENDANT failed to prevent, correct and/or investigate PLAINTIFF's claims of discrimination.

20. By reason of DEFENDANT unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with

pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

21. DEFENDANT engaged in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive, and malicious conduct, acted with wilful and conscious disregard of PLAINTIFF's rights, welfare, and safety, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANT and to serve as an example to deter them from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages to be determined at trial. PLAINTIFF claims such amount as damages together with pre-judgment interest thereon pursuant to California Civil Code §§3287, 3288, and/or any other applicable provision providing for prejudgment interest.

22. PLAINTIFF has no adequate remedy at law to prevent the continuing and unlawful conduct of DEFENDANT, and, unless enjoined, DEFENDANT acts will result in great and irreparable injury to PLAINTIFF.

## SECOND CAUSE OF ACTION

**Failure to Take All Reasonable Steps to Prevent Discrimination**
**(California Gov. Code § 12940(k))**
**(Against Defendant SCHNEIDER NATIONAL)**

23. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 22.

24. As set forth above, DEFENDANT'S acts and omissions constitute violations of California Government Code § 12940(k), inasmuch as DEFENDANT failed to take all reasonable steps to prevent discrimination as alleged herein. PLAINTIFF has filed a complaint with the California Department of Fair Employment and Housing, and has received his right to sue letter.

25. By the aforesaid acts and omissions of the DEFENDANT, PLAINTIFF has been directly and legally caused to suffer monetary damages, in an amount subject to proof at trial. PLAINTIFF claims such amount as damages.

26. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANT, by engaging in the aforementioned acts and by ratifying such acts, engaged in wilful,

malicious, intentional, and oppressive conduct, and acted with wilful and conscious disregard of PLAINTIFF's rights and welfare, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**Harassment**
**Violation of California Government Code § 12940(j)(1)(3)**
**(Against all DEFENDANTS)**

27. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 26.

28. At all relevant times, California Government Code § 12940 provided that

> [It] shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (j)(1) For an employer because of...race...color, national origin...to harass an employee, an applicant, or a person providing services pursuant to a contract. Harassment of an employee shall be unlawful if the entity, or its agent or supervisor, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

29. At all relevant times California Government Code § 12940 (j)3) states: an employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action.

30. At all relevant times, California Government Code § 12940 was in full force and binding on Defendants.

31. As set forth above, DEFENDANTS' acts and omissions constitute violations of California Government Code §12940. PLAINTIFF filed a complaint of harassment with the California Department of Fair Employment and Housing. PLAINTIFF has received her right to sue letter.

32. By reason of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.

33. PLAINTIFF has no adequate remedy at law to prevent the continuing and unlawful conduct of DEFENDANTS, and, unless enjoined, DEFENDANTS acts will result in great and irreparable injury to Plaintiff.

34. The unlawful acts and practices of DEFENDANTS alleged herein were intentional, reckless and willful, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages against DEFENDANTS sufficient to punish and to serve as an example to deter them and others from similar conduct in the future is warranted.

## FOURTH CAUSE OF ACTION

**Wrongful Discharge in Violation of Public Policy (Against Defendant SCHNEIDER NATIONAL)**

35. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 34.

36. At all relevant times herein, Article I, Section 8 of the California Constitution, and the California Fair Employment and Housing Act, were in full force and effect, and were binding on DEFENDANT. Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon, require DEFENDANT to refrain from committing acts of harassment, retaliation, gender discrimination, and termination based upon complaints about the same, in the treatment of their employees.

37. DEFENDANT terminated the employment of PLAINTIFF because he complained about DEFENDANT MULLEN and PLOOY's acts of discriminatory harassment.

38. As set forth above, DEFENDANTS' acts and omissions constitute violations of the California Constitution, Article I, Section 8, the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon. Such unfair and discriminatory conduct was a substantial factor in causing damage and injury to PLAINTIFF.

///

39. By reason of DEFENDANT's unlawful acts, practices, and omissions, PLAINTIFF has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial.

40. The unlawful acts and practices of DEFENDANT alleged herein were reckless and willful, and caused great physical and emotional harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANT and to serve as an example to deter DEFENDANT from similar conduct in the future, should be made. PLAINTIFF claims such amount as damages.

**WHEREFORE,** PLAINTIFF prays that this court:

1. Permanently enjoin DEFENDANTS and its agents, employees and successors, and all persons in active conduct or participation with DEFENDANTS, from engaging in discriminatory employment practices.

2. Enter a declaratory judgment that the acts and practices of DEFENDANTS and its agents and employees as set forth herein violate the foregoing provisions of law.

3. Direct DEFENDANTS to take such affirmative steps as may be necessary and appropriate to correct the effect of its past unlawful acts and practices.

4. Order the following award of damages against DEFENDANTS:

a. Compensatory damages on the PLAINTIFF'S economic losses, deprivation of civil rights, humiliation, physical anguish, and mental and emotional distress.

5. Award PLAINTIFF the costs and expenses of this action, including reasonable attorney's fees pursuant to the Fair Employment and Housing Act.

6. Grant such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

DATED: July 12, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By:
Matthew J. Matern
Attorney for Plaintiff
Robert Taylor

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: July 12, 2010

Respectfully Submitted,

RASTEGAR & MATERN

By: ______________________
Matthew J. Matern
Attorney for Plaintiff
Robert Taylor

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, not a party to the within action; my business address is 1010 Crenshaw Boulevard, Suite 100; Torrance, California 90501.

On July 20, 2010, I served the following document or documents:

FIRST AMENDED COMPLAINT

[x] by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Douglas J. Farmer, Esq.
Michael J. Nader, Esq.
Christopher M. Ahearn, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWARDT, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Tel.: (415)442-4810
Fax.: (415)442-4870

[X] BY U.S. MAIL

[X] I caused such envelope(s) to be deposited in the mail at Torrance, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

[X] I am "readily familiar" with firms's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of party served, service is invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

[X] BY FACSIMILE

I delivered such envelope by hand to the offices of the addressee.

Executed July 20, 2010, at Torrance, California.

[X] (State) I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Chissel Rodriguez


W:\Taylor, Robert\Pleading\FAC Race Discrimination Complaint.d1.wpd

Robert Taylor v. Schneider National Carriers, Inc., et al., C.D. Cal. Case No. ______________________

Defendant Schneider National Carriers, Inc.'s Petition for and Notice of Removal Under 28 U.S.C. §§ 1332 and 1441(B)

**EXHIBIT 7**

COPY

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
AUG 19 2010
By [signature] Deputy

FAXED

DOUGLAS J. FARMER, Cal. Bar No. 139646
douglas.farmer@odnss.com
CHRISTOPHER M. AHEARN, Cal. Bar No. 239089
chris.ahearn@odnss.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

Attorneys for
DEFENDANTS SCHNEIDER NATIONAL CARRIERS, INC., JEFF MULLEN AND JOHN PLOOY

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| ROBERT TAYLOR, an individual,<br>Plaintiff,<br>v.<br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation; JEFF MULLEN, an individual; JOHN PLOOY, an individual; and DOES 1 through 50, inclusive,<br>Defendant. | Case No. CIVDS 1002578<br>**ANSWER BY DEFENDANTS TO PLAINTIFF ROBERT TAYLOR'S FIRST AMENDED COMPLAINT**<br>Action Filed: March 4, 2010<br>Trail Date: None set<br>Assigned for All Purposes to Judge W. Robert Fawke – Department S38 |

Defendants Schneider National Carriers, Inc. ("Schneider"), Jeff Mullen, and John Plooy (collectively, the "Defendants") respond to Plaintiff Robert Taylor's ("Taylor") First Amended Complaint (the "FAC") as follows.

**GENERAL DENIAL**

The FAC is not verified. Thus, pursuant to Code of Civil Procedure Section 431.30(d), the Defendants deny generally each, every and all of the allegations in the FAC, and the whole of it, including, but not limited to, the allegations that Taylor is entitled to any of the relief requested, that any of the Defendants have engaged in any wrongful or unlawful conduct, that any of the Defendants' conduct or omissions caused any injury or damage to Taylor.

**AFFIRMATIVE DEFENSES**

Without waiving any answers and defenses, the Defendants, as and for their affirmative defenses to the FAC, allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

The FAC fails to state an actionable claim for relief against any of the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Taylor failed to exercise reasonable care and diligence to mitigate any damages or injury he allegedly incurred.

**THIRD AFFIRMATIVE DEFENSE**

Taylor's exclusive remedy for any alleged damages related to emotional distress is governed by the California Workers' Compensation Act. Lab. Code §§ 3200, *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred by the applicable statute(s) of limitation, including, but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339 and 340, and Government Code sections 12960(d) and 12965(b).

**FIFTH AFFIRMATIVE DEFENSE**

Taylor failed to exhaust all available administrative remedies.

**SIXTH AFFIRMATIVEDEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVEDEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVEDEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVEDEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of estoppel.

**TENTH AFFIRMATIVEDEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of acquiescence.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Defendants exercised reasonable care to prevent and correct promptly any purportedly harassing behavior, and to the extent Taylor unreasonably failed to take advantage of any such preventative and/or corrective opportunities, or to otherwise avoid harm, the FAC, and each cause of action alleged in it, is barred to the extent that it alleges harassment.

**TWELFTH AFFIRMATIVE DEFENSE**

Taylor failed to exhaust internal grievance procedures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any damage suffered by Taylor was directly or proximately caused by his own acts, omissions, carelessness or negligence, or that of his agents. Taylor's recovery, if any, should be diminished to the extent that his alleged damages are attributable to his own acts, omissions, carelessness or negligence, or those of his agents.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Taylor has not suffered legally cognizable damages as a result of the matters he alleges in the FAC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Taylor is not entitled to recover any punitive damages because the requirements of Cal. Civ. Code § 3294 are not met, and because any award of punitive damages would in general or under

the facts of Taylor's claims, violate the Defendants' constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The alleged damages, injuries, and/or losses suffered by Taylor, if any, proximately resulted from the negligence of parties, persons, and/or entities other than the Defendants, and the liability of the Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to them individually.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Taylor's alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of the Defendants, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of Taylor's alleged damages, injuries and/or losses, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of avoidable consequences because Taylor unreasonably failed to take action to avoid his alleged damages, and some or all of his alleged damages would have been avoided by such action.

**NINTEENTH AFFIRMATIVE DEFENSE**

To the extent that Taylor has sustained any damages, such damages are reduced under the doctrines of setoff and recoupment, by any amounts owed by Taylor to the Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of accord and satisfaction.

///

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrines of *res judicata* and collateral estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Taylor consented to any and/or all of the conduct about which he now complains.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Defendants' actions were at all times privileged and/or justified.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred by the doctrine of after-acquired evidence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Taylor has failed to state a claim for attorney fees as a matter of law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that Taylor seeks compensation for loss of job benefits, such claims are preempted by the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001 et. seq.).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in it, is barred to the extent that Taylor's claims are preempted by state or federal law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that any of the Defendants was not the employer of Taylor, he has not been damaged by acts and/or omissions of the Defendants cannot state any cognizable claim against them.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available defenses. The Defendants reserve their right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

///

WHEREFORE, the Defendants pray as follows:

1. That Taylor take nothing by way of his FAC;

2. That the FAC be dismissed with prejudice;

3. That the Court enter judgment for the Defendants and against Taylor on all of his alleged claims;

4. That the Court award the Defendants their costs of suit; and

5. That the Court grant the Defendants such other and further relief as the Court deems just and proper.

DATED: August 19, 2010

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ______________________
DOUGLAS J. FARMER
CHRISTOPHER M. AHEARN
Attorneys for Defendants
SCHNEIDER NATIONAL CARRIERS, INC.; JEFF MULLEN, and JOHN PLOOY

8745740.1 (OGLETREE)

I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105. On August 19, 2010, I caused personal delivery on the party(ies) listed below via **U.S. Mail** the following document(s) described as:

- **Answer by Defendants to Plaintiff Robert Taylor's First Amended Complaint**

on the persons below as follows:

**ATTORNEY FOR PLAINTIFF:**

Matthew J. Matern
RASTEGAR & MATERN
1010 Crenshaw Blvd., Suite 100
Torrance, CA 90501
Tel: 310-218-5500
Fax: 310-218-1155

X **U.S. Mail**: deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid. I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California (sent by Angelino Petrocelli)

☐ **E-Mail**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful (sent by )

☐ For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office and Plaintiff provided address via **FIRSTLEGAL, INC.**

☐ **Federal Express:** I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier **Federal Express**.

X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 19, 2010, at San Francisco California.

Angelino D. Petrocelli

Signature